## CIRCUIT COURT OF ARLINGTON COUNTY

Anderson

v.

Arlington Forest Club

April 10, 1978

Case No. (Chancery) 28330

By JUDGE CHARLES H. DUFF

This cause is before the Court upon a Motion of the Petitioner to submit the controversy between the parties to arbitration pursuant to their contract. The latter includes the "General Conditions" promulgated by the American Institute of Architects. Article 14 thereof provides in paraphrase that all claims or disputes arising out of the contract shall be decided by arbitration . . . notice of the demand for arbitration shall be filed in writing . . . within a reasonable time after the dispute has arisen. The Petitioner's demand for arbitration was dated March 8, 1978, and he contends this satisfies the time requirements of the contract. Defendant resists the effort at arbitration on the grounds that the dispute herein commenced in November 1976 when the tennis courts forming the subject of the contract began to buckle. Defendant denies that the demand for arbitration was filed within a reasonable time thereafter. It further contends that pursuant to other provisions, the contract was terminated by written notice to the contractor August 31, 1977, and again by telegram of November 21, 1977. The Club contends that such termination abrogated the right to arbitration.

I have carefully considered the able arguments presented on both sides and have examined the documents filed and authorities cited and am of the opinion that under the circumstances presented the demand for arbitration was timely filed.

There seems to be no doubt that the right to enforce arbitration may be waived by failure to assert or delay in asserting such right. Many cases have held that mere delay where no prejudice has been shown does not constitute a waiver. The authorities, however, are unanimous that whether or not a delay is unreasonable must depend on the facts of each case.

Without detailing each of the documents submitted at hearing, they trace the dispute between the parties. I do not read the contract as providing that in the event the owner terminates the same, this has the effect of revoking the contractual right to arbitration. The provision for termination under Article 24 accords the owner the right to take possession of the site and all equipment, etc. The real issue presented is whether the continuation of this dispute from mid-November, 1976, until March, 1978, a period of approximately sixteen months, was an unreasonable delay in demanding arbitration. Under the circumstances revealed by the exchange of correspondence between the parties, and their counsel, it seems apparent to me that each side envisioned the realistic possibility at least of an amicable resolution of their differences. What might be an unreasonable passage of time in the face of an absolute and irreconcilable adverse position by the other side would not be unreasonable where each side continued to explore the possibilities of settlement and completion of the contract. It is noted in Mr. Anderson's letter of December 6, 1976, to the architect he engages to repair the courts at "our earliest convenience, weather permitting." He also urges that the courts not be used as this increases the possibility of additional damage. The totality of the entire circumstance leads me to the conclusion that no waiver of the contractual right to arbitration has been established.